## Swartswalter's Account.

| 4w 77 |
|---|
| 131 618 |

| 4 W | 77 |
|---|---|
| 203 | 502 |

An administrator or trustee who, in the management of the funds, acts unfaithfully and dishonestly towards his *cestuis que trust,* will be allowed no compensation on the settlement of his account.

| 4 W | 77 |
|---|---|
| 204 | 228 |

APPEAL by Davis Clemson, administrator *de bonis non cum testamento annexo* of Leonard Ellmaker deceased, from the decree of the orphan's court of Lancaster county, upon the settlement of the administration account of Jacob Swartswalter, administrator *pendente lite* of Leonard Ellmaker deceased. Of the many exceptions filed to this account, but one gave rise to the determination of any principle by this court; and that is fully stated in the opinion and decree of the court, which was delivered by

KENNEDY, J.—It is considered and decreed by the court that Jacob Swartswalter, the accountant, be charged with 10,151 dollars 78 cents, the amount charged against him by the orphan's court. And in addition thereto, that he be charged with the following sums, to wit: First, with interest on 2716 dollars 67 cents, the amount of the rent charged against him by the orphan's court, from the times respectively at which the same became payable, down to the present, as follows:

On first year's rent of 400 dollars, interest from April 1st, 1823 to

[Swartswalter's Account.]

May 11th, 1835, say twelve years one month and eleven
days, equal to    -         -         -         -         -         - $290 73
    On second do from April 1st, 1824,    -         -         - 266 73
    On third    do from April 1st, 1825,    -         -         - 242 73
    On fourth  do from April 1st, 1826,    -         -         - 218 73
    On fifth    do from April 1st, 1827,    -         -         - 194 73
    On sixth    do from April 1st, 1828,    -         -         - 170 73
    On seventh do from April 1st, 1829,    -         -         - 116 73
                                 $1501 11

Second, with 250 dollars received from Ja-
cob Bear,           -         -         -         - $250 00
    Third, with interest thereon from 1824,
say eleven years,    -         -         - 165 00
                             415 00

                   Aggregate amount, $1916 11

It is also further decreed by the court, that in addition to the sums
disallowed and stricken out from the credit side of the account by
the orphan's court, the following items and sums be also disallowed
and stricken therefrom, to wit :
    First item, No. 17, amounting to    -         -         - $  16 33
    Second item, No. 18,      do  -         -         -         - 170 50
    Third, the allowance made to the accountant for his loss
of time, trouble and expense in administering the estate,   250 00
                               $436 83

It is also considered and decreed by the court, that the accountant
be allowed and credited with 900 dollars 45 cents, being the interest
upon the sum of 1650 dollars 85½ cents allowed to him by the or-
phan's court on account of taxes paid for, and repairs done to, the
mills.
    The account, being corrected according to this decree, will stand
as follows, to wit :

DEBTS.

Amount charged by the orphan's court, $10,151 78
Additional sum by supreme court,         1916 11
                         $12,067 89

CREDITS.

Amount of credits allowed by the orphan's
court, after deducting therefrom the amount

[Swartswalter's Account.]

of the items composing part thereof and disallowed by the supreme court, -　　-　$6389 27½

Additional credit allowed by the supreme court, being interest on the money paid for taxes and repairs,　　-　　-　　-　900 45

　　　　　　　　　　　　　　　　　　$7289 72½

Balance due by the accountant,　$4778 16½

Finally, the court order and decree that Jacob Swartswalter, the accountant, pay this balance of 4778 dollars 16¾ cents to Davis Clemson, the administrator *cum testamento annexo* of Leonard Ellmaker deceased, and that he also deliver to the said administrator all evidences of debts and securities which he holds for moneys owing to, or being assets of the said deceased.

It is not deemed necessary to state the reasons for making this decree, further than to mention the ground upon which the claim made by the accountant for his trouble, loss of time and expenses in administering the estate, has been rejected and disallowed.

Now although it is perfectly just and reasonable that every one acting under proper authority, in the character of a trustee, should receive a fair compensation for his services, yet it is of infinite importance to the public, as well as to the individuals interested in the execution of the trust, that he should perform the duties of it with the most strict honour and integrity. In this case, however, the accountant, after having assumed and taken upon himself the office of administrator *pendente lite*, which constituted him properly a trustee and nothing more, instead of managing and preserving the estate for the common benefit of those who might be entitled to it, trumped up an unfounded claim in his own favour against it, by which he attempted to appropriate the whole of it, with the exception of about 150 dollars, to his own use.

Now it is certainly inconsistent with every principle of retributive justice, that a trustee who betrays the confidence reposed in him, and attempts to defraud the *cestuis que trust* by appropriating the trust funds to the discharge of a pretended claim of his own, should receive the same reward that is due to virtue only, and given as a remuneration for services rendered with a view to advance the interests of the *cestuis que trust*. On principles of policy, as well as those of morality and justice, in order to insure a faithful and honest execution of the trust as far as practicable, it would be inexpedient to allow to the trustee who has acted dishonestly and with an intent fraudulently to convert the trust funds to his own use, the same compensation with him who has acted uprightly in all respects and with a single view to promote the true interests of his *cestuis que trust*. The withholding compensation altogether in the first case, and bestowing it only in the latter, may have a tendency to deter trustees from attempting any thing unfair in the execution of the trust, and induce them, at the same time, to perform their duties with common

honesty at least, if not with all the skill and diligence that might possibly be applied.

Decree accordingly.

*Norris*, for appellant.
*Ellmaker*, for appellee.