# Fellows, Appellant, v. Loomis (No. 2).

204      227
35 SC  483

*Trusts and trustees—Faithless trustees—Compensation—Equitable ejectment.*

In an equitable ejectment to enforce a trust, where the result of the trial shows that the defendants were faithless trustees, or trustees ex maleficio, an allowance by the jury of twenty-five per cent to defendants as compensation for services will be disallowed by the Supreme Court.

Argued Feb. 24, 1902.    Appeal, No. 257, Jan. T., 1901, by plaintiffs, from judgment of C. P. Lackawanna Co., Oct. T., 1889, No. 358, on verdict for plaintiffs in case of Joseph Fellows, Cornelius Smith, Margaret A. Smith, J. Stanley Smith and Winfield Fellows v. F. E. Loomis and John H. Fellows. Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ.    Judgment modified.

Ejectment for land in the city of Scranton. Before GORDON, P. J., specially presiding.

See Fellows v. Loomis, ante, p. 225, and Fellows v. Loomis, 170 Pa. 415.

At the trial the court admitted evidence to the effect that the services of the defendant were reasonably worth twenty-five per cent on the amount collected. This evidence was submitted to the jury.

Verdict and judgment for plaintiffs. Plaintiff appealed.

*Errors assigned* were admissions of evidence and various instructions, relating among other matters to the defendant's compensation for services.

*John G. Johnson, Cornelius Smith, George M. Watson* and *Joseph A. Culbert,* for appellants.

*H. M. Hannah, H. W. Palmer* and *S. B. Price,* for appellee.

PER CURIAM, January 5, 1903:

We have discovered no merit in any of the assignments of error, except in those relating to the compensation allowed to the appellees. They are to be regarded as faithless trustees or as trustees ex maleficio; and, in either case, the penalty is deprivation of compensation: Swartswalter's Account, 4 Watts, 77; Berryhill's Administratrix's Appeal, 35 Pa. 245; Robinett's Appeal, 36 Pa. 174; Norris's Appeal, 71 Pa. 106; Hart's Estate, 203 Pa. 496. If the rule were otherwise, the law's premium would be upon faithlessness and bad faith.

The credits allowed to the appellees for commissions or compensation are disallowed and the record is remitted, with direction that the judgment in favor of each appellant be increased in the proper proportion and entered in accordance with this opinion.