## Meyers v. Ritter, Appellant.

*Equity—Findings of fact—Evidence—Appeals.*
The findings of fact by the court below on a bill in equity when based upon sufficient evidence, will not be reversed by the appellate court in the absence of manifest error.

Argued Oct. 22, 1909. Appeal, No. 182, Oct. T., 1909, by defendant, from decree of C. P. No. 5, Phila. Co., March T., 1908, No. 4,635, on bill in equity in case of Daniel Meyers v. Frank S. Ritter. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for specific performance. Before STAAKE, J.
The opinion of the Superior Court states the case.

*Errors assigned* were in not sustaining various exceptions filed by defendant.

*Vivian Frank Gable,* with him *Albert Smith Faught,* for appellant.

*Henry N. Wessel,* with him *Alfred Aarons,* for appellee.

OPINION BY ORLADY, J., March 3, 1910:
This case was heard on bill, answer and proof. The final decree was entered enjoining and restraining the defendant from selling, assigning, transferring or in any way alienating or disposing of any of the stock which had been pledged as collateral for a loan. From a careful examination of all the testimony in the case, we find ample authority for the conclusion reached by the learned trial judge.

Originally there were thirty-four assignments of error; sixteen of these are now pressed on our attention which the appellant disposes of under two heads, and these are to be determined entirely as questions of fact. The making of the loan and the pledging of the security was admitted, the subse-

quent withdrawal of the power of attorney and the attempt to divert the securities from the purpose for which they were pledged is abundantly established by the testimony, and during the trial all question of possible usury was eliminated from the case.

The judgment is affirmed.