lants. So also is the Appeal at No. 52, October Term, 1914, dismissed at the cost of appellant. With the exception noted, the decree of the Orphans' Court at its No. 112, February Term, 1908, is affirmed. The Appeals at No. 51, No. 56 and No. 96 are dismissed at the cost of appellant in each case. The appeal at No. 71 is also dismissed at the cost of appellants, and the decree of the Orphans' Court at its No. 129, June Term, 1913, is affirmed.

---

# Calvert v. Woods, Appellant.

*Receivers—Receivers' sales of real estate—Notice to creditors by mail—Sufficiency of notice—Application for leave to sell—Act of April 24, 1913, P. L. 114—Valid notice.*

1. The Act of April 24, 1913, P. L. 114, amending the Act of May 11, 1911, P. L. 261, which provides for the sale of real estate by the receivers of corporations upon application to the court, after notice to creditors, makes valid private sales of real estate by receivers where notice of the intention of the receivers to apply for leave to sell at private sale is given to the creditors by mailing properly addressed notices. The failure, therefore, of the receiver of a corporation to give personal notice to creditors of his intention to present a petition to the court for leave to sell real estate at private sale does not affect the marketability of the title acquired by the purchaser where it appears that notice was given to the creditors by mailing postal cards, duly addressed, to the creditors.

*Trusts and trustees—Purchase by trustee of trust property— Valid purchase—Real property—Title to land—Marketable title— Case stated.*

2. While it is true as a general rule that if a trustee buys trust property, even at public sale, brought about or in any way controlled by the trustee such trustee will be presumed to buy and hold for the benefit of the trust, the rule does not apply where the trustee has no control over or is not instrumental in bringing about the sale. In such case, he may bid for, and become the purchaser of the property free from any trust upon his part. Lusk's App., 108 Pa. 182, followed.

3. On a case stated to determine the marketability of the title to real estate agreed by plaintiff to be sold to defendant, it ap-

peared that a prior owner of the property had given a mortgage thereon; that a scire facias had been issued on the mortgage and that judgment had been entered for the mortgagee; that the mortgagor was subsequently adjudged a bankrupt, and a trust company appointed as his trustee in bankruptcy. Subsequently, at a sheriff's sale, under an execution issued on the judgment, the trust company bought in the property with its own funds. Thereafter, the property of the trust company was vested in a receiver, the plaintiff, who was authorized by the court to sell the land at private sale. Notice of the receiver's intention to apply for leave to sell was given by postal card ten days before the application was made. The purchaser of such property refused to perform his agreement, alleging that the receiver could not convey a marketable title. *Held,* the lower court did not err in entering judgment for the plaintiff for the amount of the purchase-money.

Argued May 5, 1914. Appeal, No. 83, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 406, for plaintiff on case stated in case of Harry S. Calvert, receiver of the Mercantile Trust Company v. Leonard G. Woods. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Case stated to determine the marketability of the title to certain real estate held by plaintiff.

The facts appear in the following opinion of FRAZER, P. J.

In substance the facts agreed upon in the case stated are as follows: Plaintiff, by agreement in writing, dated August 10, 1912, agreed to sell and convey to defendant, 12 acres and 56 perches of land, situate in the Borough of Cheswick, known as the Armstrong homestead property, for the consideration of fifteen thousand dollars, upon which one thousand dollars was paid on account. The question here is whether or not the plaintiff can convey to defendant a good marketable title to the property.

It appears that Harry E. Armstrong, on October 16, 1902, being the owner of the property referred to, executed and delivered a mortgage thereon, together with

other property, to R. B. Mellon, to secure an indebtedness of $55,888.75. On October 9, 1903, a scire facias was issued upon the mortgage, at No. 31, January Term, 1904, and judgment duly obtained thereon. On November 19, 1903, Harry E. Armstrong, upon his voluntary petition, was adjudged a bankrupt by the United States Court, and the Mercantile Trust Company appointed his trustee in bankruptcy. A lev. fa. was issued on the judgment obtained by R. B. Mellon on his mortgage, returnable the first Monday of April, 1904, and the property included in the mortgage levied upon and sold on the first Monday of April, 1904, by the sheriff of Allegheny County. William H. Frederick, the vice-president of the Mercantile Trust Company, became the purchaser at sheriff's sale, as trustee for the Mercantile Trust Company, the consideration being $6,500.00 for the Armstrong homestead property, the entire consideration being paid by money of the Mercantile Trust Company, at that time the trust company not having in its hands a sufficient amount of funds belonging to the estate of Armstrong to purchase the property. Subsequently, William H. Fredericks and wife, by deed, conveyed the property to the trust company. On October 27, 1907, Harry S. Calvert was appointed receiver of the Mercantile Trust Company by the Court of Common Pleas of Dauphin County. On February 12, 1913, Harry S. Calvert as such receiver, upon petition to the Dauphin County Court, was authorized by that court to sell the Armstrong homestead property to the defendant at private sale, for the consideration of $15,000.00. Notice of this application was given to the creditors of the trust company, by postal cards addressed to the respective creditors of the company. There is of record a judgment in favor of E. L. Baughman against William H. Fredericks, et al., at No. 36, February Term, 1907, for $6,000.00 with interest thereon, which is a lien upon the property, the amount of which must be deducted

from the purchase-money agreed to be paid by the defendant.

Two questions are raised by the case stated:

(1) As to the sufficiency of the postal card notice given to the creditors of the trust company of the application of the receiver to the Court of Common Pleas of Dauphin County to sell the property referred to at private sale to defendant; and

(2) The right to the trust company, while acting as trustee in bankruptcy of Harry E. Armstrong, to become the purchaser of the property in question in its own name at the foreclosure sale.

The Act of May 11, 1911, P. L. 261, empowers the Courts of Common Pleas of the several counties of this Commonwealth to authorize receivers duly appointed, to make sale of real estate at private sale upon at least ten days' notice of the intention to present such petition to the court to all creditors of the parties. Assuming that the act contemplated personal notice to the creditors, and a failure to give such notice would invalidate the proceedings, that failure was cured by the Act of April 24, 1913, P. L. 114, which amends the Act of May 11, 1911, and makes valid all sales of real estate by receivers where the notice to creditors was given by mailing notices, duly addressed, to the creditors.

As to the right of the trust company to become the purchaser of the property under the circumstances of this case, in our opinion, there is no doubt. It is true as a general rule, that if a trustee buys trust property, even at public sale which it brought about or in any way controlled, the trustee will be presumed to buy and hold for the benefit of the trust; Church v. Winton, 196 Pa. 107. That rule, however, does not apply where the trustee has no control over or is not instrumental in bringing about the sale. In such cases he may bid and become the purchaser of the property, free from any trust upon his part. In Lusk's App., 108 Pa. 152, it is said: "It has been the conceded law of this State

since the case of Fisk v. Sarber, 6 W. & S. 18, that at a judicial sale not controlled by the trustee, the trustee can be a purchaser." Numerous decisions of both the appellate courts of the United States and of this State have sustained this rule. Citations of such decisions would merely consume time without adding force to what was said in Lusk's App. Considering all the circumstances of this case, we are of the opinion that a good marketable title to the property in fee simple, is now vested in the Mercantile Trust Company, free of all liens and encumbrances, and that the order and decree of the Court of Common Pleas of Dauphin County made February 12, 1913, authorizing and empowering Harry S. Calvert, receiver of the Mercantile Trust Company to sell and convey to L. G. Woods at private sale is good and effective under the law authorizing and regulating receiver's sale at private sales, and that judgment should be entered in favor of plaintiff and against defendant for $14,000.00 on condition that the plaintiff shall execute and deliver to defendant a deed in accordance with the agreement of sale and the order and decree of the Court of Common Pleas of Dauphin County, plaintiff to be entitled to interest from the date of judgment.

The court entered judgment on the case stated for plaintiff for $14,000. The defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*J. M. Shields,* for appellant, cited: Kenney v. Altvater, 77 Pa. 34; Tanner v. Hughes, 53 Pa. 289; Church v. Winton, 196 Pa. 107; Kenworthy v. Trust Company, 218 Pa. 286.

*Ernest C. Irwin,* with him *Watson & Freeman,* for appellee, cited: Kenworthy v. Trust Company, 218 Pa. 286; Fisk v. Sarber, 6 W. & S. 18; Chorpenning's App.,

32 Pa. 315; Hall's App., 40 Pa. 409; Parshall's App., 65 Pa. 224; Armor v. Cochrane, 66 Pa. 308; Lusk's App., 108 Pa. 152; Bruner v. Finley, 187 Pa. 389; Mullen v. Doyle, 147 Pa. 512; Allen v. Gillette, 127 U. S. 589; Twin Lick Oil Co. v. Marbury, 91 U. S. 587; Steinbeck v. Mining Co., 152 Fed. Repr. 333, 339; In re Rohrer, 177 Fed. Repr. 381; Metcalf v. Barker, 187 U. S. 165; Sample v. Beasley, 158 Fed. Repr. 607; Carling v. Lumber Co., 113 Fed. Repr. 483; In re McKane, 152 Fed. Repr. 733; Woods v. Klein, 223 Pa. 256; Prevost v. Gratz, 19 Federal Cases, 1303 Case No. 11406.

PER CURIAM, July 1, 1914:

The judgment is affirmed on the opinion of Judge FRAZER.

---

## Maynard, Appellant, *v.* Shaw.

*Fraud upon creditors — Chattel mortgages — Possession by mortgagor—Death of mortgagor—Decedent's debts—Lien—Equity —Demurrer.*

1. While a chattel mortgage is valid between the parties thereto, as to the creditors of the mortgagor or as to any purchaser from him for value and without notice, it is worthless if the mortgagor continues to hold possession of the chattel mortgaged. The fact that the mortgage may be recorded, does not except it from the general rule, such an instrument not being within the recording acts.

2. A bill in equity alleged that plaintiff was the payee of the note of a decedent, that such decedent had mortgaged to plaintiff certain chattels situated on land owned by a third person, and occupied by the maker of the note under a lease. The mortgage was recorded, but the mortgagor retained possession of the mortgaged property until his death. The bill alleged that decedent died in debt, that certain of his creditors claimed that title to the chattels was vested in the estate subject to their claims and that the chattels were in the possession of decedent's wife and prayed that the possession thereof be delivered to plaintiff. *Held,* on demurrer, that the court did not err in dismissing the bill.