## MacDougall et al., Appellants, *v*. Citizens National Bank et al.

*Trusts and trustees—Purchase by trustee—Resulting trust—Control of sale.*

1. If a trustee becomes the purchaser of property at public sale brought about or in any manner controlled by him, he will be presumed to buy and hold for the benefit of the trust. But this rule does not apply where the trustee is without control over the sale and is not instrumental in bringing it about. In the latter case he may bid and become the purchaser of the property free from any trust on his part.

2. Neither are lien creditors, equally with third persons, prevented from bidding at a sale fairly conducted and purchasing the property free from obligation to other creditors; consequently, an agreement between two or more lien creditors and the trustee to

bid for their mutual protection does not alter the situation so long as the transaction is free from fraud or attempt in any manner to prevent free and open competitive bidding.

3. The mere fact that the property was purchased at a price considerably less than its actual value is not sufficient evidence upon which to found an inference of fraud.

*Equity—Findings of fact—Review.*

4. The findings of a chancellor based upon sufficient evidence will not be reversed in the absence of clear error.

Argued April 22, 1919. Appeal, No. 141, Jan. T., 1919, by plaintiffs, from decree of C. P. Carbon Co., Oct. T., 1916, No. 2, dismissing bill in equity in case of Alexander MacDougall et al. v. Citizens National Bank of Lehighton, Pennsylvania, and First National Bank of Lehighton, Pennsylvania. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Bill in equity for an accounting. Before BARBER, P. J. The court dismissed the bill. Plaintiffs appealed.

*Error assigned* was decree dismissing the bill.

*William Wilhelm,* with him *C. A. Hauk,* for appellants.—Buying at a public sale will not permit one cotenant or co-cestui que trust, or tenant in common, to get a higher right than his cotenant, fellow tenant in common, or his co-cestui que trust: McCutcheon v. Smith, 173 Pa. 101; Duff v. Wilson, 72 Pa. 442; Church v. Winton, 196 Pa. 107; Kenworthy v. Equitable Trust Co., 218 Pa. 286; Michoud v. Girod, 4 Howard (U. S.) 503.

Equity will make a trustee of a purchaser at an auction or public sale who has prevented competition: Wolford v. Herrington, 74 Pa. 311; Cowperthwaite et al. v. First National Bank of Carbondale, 102 Pa. 397.

*George E. Gray,* with him *Heydt, Balliet & Seidel,* for appellees.—The First National Bank of Lehighton had the right to become the purchaser at the sheriff's sale:

Campbell v. Pa. Life Ins. Co., 2 Wharton 53; Dollar Savings Bank v. Bennett, 76 Pa. 402.

To impress a parol trust upon real property, permitting the cestui que trust to recover, there must be an agreement after the conversion recognizing the trust: Maffitt's Adm. v. Rynd, 69 Pa. 380; Everhart's App., 106 Pa. 349; Hess' App., 112 Pa. 168; Bechtel v. Ammon, 199 Pa. 81.

The defendants had the right to enter into an arrangement to purchase the real estate of the Kester Slate Company to protect their interests without any liability for subsequent profits to the plaintiffs, by either of them: Barton v. Hunter, 101 Pa. 406; Woodruff v. Warner, 175 Pa. 302; Branden v. O'Neil, 183 Pa. 462; Smull v. Jones, 1 W. & S. 128; Mead v. Conroe, 113 Pa. 220; Fisk v. Sarber, 6 W. & S. 18; Chorpenning's App., 32 Pa. 315; Calvert v. Woods, 246 Pa. 325; Young v. Snyder, 3 Grant 151.

OPINION BY MR. JUSTICE FRAZER, June 21, 1919:

Defendants, the First National Bank of Lehighton and the Citizens National Bank of Lehighton, loaned to the Kester Slate Company various sums of money represented by notes, amounting to $7,717.58 due the former, and $5,070 due the latter. The notes were not paid at maturity, and the First National Bank brought suit to recover the amount of the indebtedness due it. The Kester Slate Company had various other creditors, several of whom had brought suit and obtained judgments and, for the purpose of protecting all creditors, the company, acting on advice of counsel, executed to the Citizens National Bank a judgment note in the sum of $20,760, that being the aggregate amount of its indebtedness, "to equally secure the claims against the said Kester Slate Company," a list of the creditors with the sums due them respectively being set out in full and made part of the note. Subsequently, at the instance of an attorney representing one of the creditors named in the note, not how-

ever either of the banks, execution was issued upon the judgment entered thereon and levy made upon the real estate of the company, which was advertised for sale by the sheriff on January 31, 1914, subsequently adjourned to February 7, 1914, at which time the property levied upon was sold. Previous to the sale the two banks agreed to coöperate for the purpose of protecting their interests, the First National Bank to bid at the sale and, if necessary, purchase the property on their joint account, any loss sustained or profit realized to be shared pro rata between the two. The First National Bank became the purchaser for the sum of $3,000, this being the highest bid. A few months later the bank resold the property for the sum of $25,000, thereupon the creditors named in the trust note, other than defendants, filed the bill in this case asking that defendants be ordered to pay to them their proportionate share of the net proceeds derived from the resale, basing their proceeding on the theory that the circumstances created a resulting trust for the benefit of all parties mentioned in the obligation. The court below dismissed the bill and plaintiffs have appealed.

No question is raised as to either the regularity or validity of the sale nor as to the propriety of the distribution of the proceeds realized, the sole contention of plaintiffs being that a trust resulted as to the realty and the proceeds of a resale thereof by reason of the purchase of the premises at the sale by the trustee in conjunction with one of the cestuis que trust. The sale, however, was not brought about or controlled by either defendant. The general rule is that if a trustee becomes the purchaser of property at public sale brought about or in any manner controlled by him, he will be presumed to buy and hold for the benefit of the trust. But this rule does not apply where the trustee is without control over the sale and is not instrumental in bringing it about. In the latter case he may bid and become the purchaser of the property free from any trust on his part: Calvert v. Woods, 246

Pa. 325, 328, and cases cited. Neither are lien creditors, equally with third persons, prevented from bidding at a sale fairly conducted and purchasing the property free from obligation to other creditors; consequently, an agreement between two or more lien creditors, or between lien creditors and the trustee to bid for their mutual protection does not alter the situation so long as the transaction is free from fraud or attempt in any manner to prevent free and open competitive bidding: Smull v. Jones, 1 W. & S. 128; Woodruff v. Warner, 175 Pa. 302; Braden v. O'Neil, 183 Pa. 462. The mere fact that the property was purchased by defendants at a price considerably less than its actual value is not sufficient evidence upon which to found an inference of fraud: Meade v. Conroe, 113 Pa. 220, 224.

To support their theory of a trust as to the realty after the purchase at sheriff's sale, plaintiffs rely upon a conversation had shortly before the sale, between the attorney representing one of the judgment creditors and the cestuis que trust and the attorney representing defendants. The former testified: "I was about to bid on the property and he [defendant's attorney] said 'Don't bid; it will only run up the costs.'" This, the witness stated, was the only conversation in regard to the matter. Defendants' attorney denied using the language attributed to him and testified: "Mr. Hauk asked me if I wanted any bidder and I said it is immaterial to us" and that nothing further was said in regard to the matter. This testimony is inferentially corroborated by that of the president of the First National Bank to the effect that the president of the slate company asked an option on the property if bought in by the bank. This, however, was refused with the remark that he was there to protect the interest of the bank only, and that the president of the slate company or any other person had the privilege of bidding at the sale. The court below found this testimony was not contradicted or impeached and that the alleged request not to bid at the sale was not, in fact, made, and further

that the evidence failed to show a combination by defendants for any purpose other than their own protection from loss in the resale of the property and that the sale was fair and open to all bidders and not controlled or brought about by defendants or either of them.  The evidence fully sustains the conclusion of the court below and, under the recognized rule that the findings of a chancellor based upon sufficient evidence will not be reversed in absence of clear error, the judgment should be affirmed: Hull v. Delaware & Hudson Co., 255 Pa. 233; Scranton v. Coal Co., 256 Pa. 322.

The judgment of the court below is affirmed and the appeal dismissed at the cost of appellants.