# Moore et ux. *v.* Doyle, Appellant.

*Equity—Reformation of written instrument—Evidence — Sufficiency—Findings of chancellor.*

In a bill in equity to reform a written contract of sale of real estate, a decree, inserting a provision that the seller should procure a mortgage on the property, is proper where the evidence that such provision was omitted from the instrument is clear, precise and indubitable.

A court of equity has jurisdiction to reform a written instrument on the ground of fraud, accident or mistake, and it is a well-determined rule that a court of equity having once acquired jurisdiction has power to settle the entire controversy between the parties. When a court of equity takes cognizance of litigation it will dispose of every subject embraced within the circle of contest, whether the question be of remedy or of distinct, yet connected topics of dispute. If the jurisdiction once attaches from the nature of one of the subjects of the contest, it may embrace all of them, for equity abhors multiplicity of suits.

*Findings of fact—Superior Court sitting as chancellor.*

Findings of fact by the court sitting as a chancellor have the effect of a verdict of a jury and will not be disturbed if there is evidence to support them.

Argued March 13, 1925. Appeal, No. 7, Oct. T., 1925, by defendant, from decree of C. P. No. 3, Phila. Co., Sept. T., 1923, No. 3185, in the case of P. Z. Moore and B. E. Moore, his wife, v. William J. Doyle, Sr. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity to reform contract for sale of real estate. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, June 27, 1924, after a full hearing of the cause and findings of fact and conclusions of law hav-

406,(1925).]     Statement of Facts—Arguments.

ing been filed in the above matter, it is hereby ordered and decreed:

1. That the agreement of sale of December 26, 1922, between William J. Doyle, Sr., and P. Z. Moore and B. E. Moore, be reformed so that the same may read, "that the defendant agrees to sell to P. Z. Moore and B. E. Moore said premises, 1810 W. Berks Street, for the sum of $8,000, and that the defendant either take back or create mortgages in the sum of $7,000 upon the usual terms and the balance of $700 to be paid by the plaintiffs at the time of settlement."

2. That the said defendant, William J. Doyle, Sr., pay to the plaintiffs the sum of $900 with legal interest.

3. That the defendant pay the costs.

Defendant appealed.

*Errors assigned* were in dismissing exceptions to various requests for findings of fact and conclusions of law and the decree of the court.

*John P. Boland,* for appellant.—The uncorroborated testimony of one witness is not sufficient to vary or contradict the terms of a writen instrument: Van Voorhis v. Rea, 153 Pa. 19; North & Co. v. Williams, 120 Pa. 109.

Where it is sought to re-form a written instrument on the ground of fraud, accident or mistake, the evidence must be clear, precise and indubitable, and of such weight and directness as to establish the facts beyond a reasonable doubt: Stine v. Sherk, 1 W. & S. 195; Zentmeyer v. Mittower, 5 Pa. 403; Rowand v. Finney, 96 Pa. 192; Liggett v. Shira, 159 Pa. 350.

*N. Shapiro,* and with him *Evans & Wernick,* for appellee.—There was ample evidence to support the findings of the chancellor: Stokes v. John Crompton Company, 38 Pa. Superior Ct. 474; Luther v. Luther, 226 Pa. 144; Flyte, Appellant, v. Stover, 72 Pa. Superior Ct. 531; Zentmeyer v. Zentmeyer, 69 Pa. Superior Ct. 496;

St. Joseph's Lithuanian Roman Catholic Church's Petition, 273 Pa. 486; Woodward & Williamson's Assessment, 274 Pa. 567; Minnenberg v. Rash, 79 Pa. Superior Ct. 349.

OPINION BY HENDERSON, J., April 28, 1925:

The plaintiffs filed a bill for the reformation and specific performance of a contract for the sale of a house and lot; the allegation of the complaint being that a parol agreement for the sale of the property described in the bill by the defendant to the plaintiffs was entered into on or about the 23d of December, 1922, with the understanding that the agreement should be reduced to writing and signed by the contracting parties. A contract was prepared and presented to the plaintiffs by one, Long, who was acting in connection with the office of Francis Doyle, a real estate agent, through whose office the sale was negotiated. By the terms of the parol agreement the plaintiffs were to pay $300 in hand at the signing of the contract and $700 at the settlement as disclosed by the evidence in support of the bill; another part of the agreement being that the defendant would procure or carry a mortgage for $7,000 on the property, the amount of the deferred payment. At the time of the signing of the contract blanks were left therein with respect to the date of settlement and the amount of money to be paid. When the plaintiff Pleasant Z. Moore, inquired why the spaces were blank, Long said to him that they could not be filled until the hand-money was paid and the owner approved of the transaction. The $300, payable at the signing, was delivered to Long who paid it to Francis Doyle, the defendant's agent, less $80 a part of the commission to which Long seems to have been entitled. At the time of this payment the agent promised that the written agreement would be completed in accordance with the parol arrangement. The plaintiffs did not receive a copy of the contract at the time it was signed, but one was sent to them about

three weeks later which provided for the payment of $7,000 at the time of settlement, and contained no reference to the defendant's agreement to furnish, provide or carry a mortgage for that amount; thereupon the plaintiff above named went to see the defendant who said that "the thing would be all right" and that the agreement would be carried out as entered into. The defendant was not present at the signing of the contract and did not hear the arrangement between the agent and the plaintiffs. There were two postponements of the time for settlement at each of which $300 was paid to the defendant. On the day last fixed, the latter refused to recognize the oral agreement as claimed by the plaintiffs or to change the written agreement to conform thereto; whereupon the pending bill was filed and the case was proceeded in to a final decree in favor of the plaintiffs. Forty-six assignments of error are presented on the record, thirty-seven of which are considered in the argument under the inquiry: "Can a chancellor make a decree in equity upon findings of fact and conclusions of law where there is no evidence to support such findings or inadequate testimony has been offered to support them?" A negative answer could be promptly given to this inquiry if the assumption of the question were sustained by the record. An examination of the evidence shows however that there was clear and direct testimony as to the terms of the parol agreement which were to be reduced to writing and which the defendant promised to carry out, and there is no substantial contradiction of that evidence. It bears no appearance of untrustworthiness on its face and was credited by the court. It was sufficient in the absence of contradiction to sustain a decree reforming the written contract to comply with the parol agreement. The plaintiffs and another witness gave clear, precise and apparently credible evidence as to the discrepancy between the written contract and the parol agreement which was to have been reduced to writing, and the learned trial judge

was satisfied that this testimony was indubitable. Neither the defendant nor the other witness called for the defense pretended to have any knowledge of the parol agreement, and neither Long nor Francis Doyle was called to contradict the plaintiffs' evidence. It does not appear indeed that Francis Doyle personally participated in the transaction at all. It is a well-established rule that findings of fact by the court sitting as a chancellor have the effect of a verdict of a jury and will not be disturbed if there is evidence to support them: Scranton v. Scranton Coal Co., 256 Pa. 322; MacDougal v. Citizens National Bank, 265 Pa. 170; Glenn v. Trees et al., 276 Pa. 165; Meyers v. Ritter, 41 Pa. Superior Ct. 590; Childs v. Adams, 43 Pa. Superior Ct. 239.

A further contention of the appellant is that by the extension of time for the settlement and the payment of the additional sum stated, the plaintiffs waived the fraud, if any, sought to be perpetrated by the defendant, but this position cannot be sustained in view of the evidence tending to show that Doyle agreed to correct the contract to conform to the parol agreement. The defendant could not be permitted to mislead the plaintiffs by a deceitful promise into a prejudicial situation and then take advantage of his own wrong. Moreover the defendant's case, as presented in the court below, rested on a denial of the agency of Long and of the existence of any other agreement than that expressed in the written contract. There is no suggestion in the answer of a waiver by the plaintiffs of the fraud alleged, and the defendant is not entitled to be heard on a question for the first time presented on appeal.

The remaining proposition proposed by the appellant is that the bill cannot be sustained for the reason that it appeared at the trial the property had been conveyed by the defendant to a third party. There can be no doubt of the jurisdiction of a chancellor to dispose of the subject of controversy set forth in the bill, and the right of the complainants to relief was not defeated by the con-

duct of the defendant in putting it out of his power to convey the property. The form of relief depended on the circumstances disclosed at the trial and the court very properly found in accordance with the evidence that the complainants were entitled to a reformation of the contract to the effect that the defendant was to procure a mortgage on the property for $7,000 as a deferred payment; the balance of $700 to be paid by the plaintiffs at the time of settlement. It appearing without contradiction that the plaintiffs had paid to the defendant $900, it followed as an important part of the decree that the defendant repay that sum with interest to the plaintiffs. There can be no question of the jurisdiction of the court to reform a written instrument on the ground of fraud, accident or mistake, and it is a well-determined rule that a court of equity having once acquired jurisdiction has power to settle the entire controversy between the parties. It was held in McGowin v. Remington, 12 Pa. 56, that when once a court of equity takes cognizance of the litigation, it will dispose of every subject embraced within the circle of contest, whether the question be of remedy or of distinct, yet connected topics of dispute. If the jurisdiction once attaches from the nature of one of the subjects of contest, it may embrace all of them, for equity abhors multiplicity of suits. To the same effect are the discussions in Hurst v. Brennen, 239 Pa. 216, and Tide Water Pipe Co. v. Bell, 280 Pa. 104. A review of the evidence and the arguments on behalf of the appellant fails to disclose substantial reasons for a reversal of the decree. It is therefore affirmed at the cost of the appellant.