## Benner v. Zoning Board of Adjustment

*Elmer L. Menges*, for exceptant.
*Harry J. Alker, Jr.*, contra.

DANNEHOWER, J., October 15, 1955.—To the decree of the court of common pleas dated June 7, 1955, awarding plaintiff a variance under the zoning ordinance of Upper Dublin Township, and permitting him to complete the construction of 17 feet of six-foot high fencing on his property, the Township of Upper Dublin and the board of adjustment have filed exceptions to certain findings of fact and to the decree. These exceptions were argued before the court en banc and are now before the court for decision.

The ordinance from which the variance was granted reads as follows:

"No fence or wall (except a retaining wall or building permitted under the terms of this ordinance) over 4 ft. high shall be erected within any of the open spaces required by this ordinance."

Defendant's first exception is to the following finding:

"His purposes are sound because he is legally required to prevent his animals from roving and to protect the lives of wandering school children; he has completed all but seventeen feet of the proposed fence; to apply the restricting ordinance in question would impose a serious and unnecessary hardship upon petitioner in that he would have to remove two feet from the top of the fence thus constructed, and would have inadequate protection against intruding animals; and it would therefore appear that if the questions of general welfare, health or safety are to be served at all, it will be by the construction of the fence in question."

It was testified that plaintiff owns dogs, sheep and swans and that these animals have a propensity to roam and could conceivably cause damage to other properties. Plaintiff also testified that he wished to

protect his livestock from intruding animals. Mr. Adolph Hauserman, whose property adjoins plaintiff's on one side, stated that a four-foot high fence would not be high enough to prevent dogs from entering plaintiff's property nor to prevent plaintiff's livestock from wandering onto the property of others.

Because of the foregoing reasons and because plaintiff would, at great expense, have to remove two feet from the fence already completed at an expense of more than $2,000, it seems obvious that compliance with the ordinance would work a serious hardship upon plaintiff. Furthermore, plaintiff testified that he wanted a higher fence for the additional reason that small children from a neighboring school had, on occasions, wandered onto his property to play in a six-foot deep lake on his property. The inherent danger involved in this needs no discussion.

On the basis of these most compelling reasons, when viewed in light of the fact that plaintiff was merely rebuilding a dilapidated six-foot fence in many places, the hearing judge stated, and we repeat: ". . . it would therefore appear that if the question of general welfare, health or safety are to be served at all, it will be by the construction of the fence in question."

This finding is supported by the testimony and the exception is therefore without merit.

Defendant further excepted to the finding that:

"The rebuilding and replacement of a former six foot fence erected many years before the prohibiting ordinance of 1939 might well be compared to a nonconforming use and thus permissible."

In fairness to defendant it should be noted that only part of the six-foot fence, as it existed before the rebuilding began, preceded the ordinance. However, it should be quite clear that this finding had no direct

bearing upon the decree, and since it was merely "compared" to a nonconforming use, there is no necessity of further discussion.

Defendant's next exceptions were to the decree and to the concluding paragraph of the opinion which merely restated and summarized the foregoing excepted to paragraphs.

It is our conclusion that there was sufficient competent evidence to sustain the hearing judge's findings that a four-foot fence is not sufficiently high to restrain animals or prevent children from endangering their lives, and his conclusion that a variance from the ordinance should be granted.

On appeal, the findings of a hearing judge are entitled to the same weight as a jury verdict and, where, as here, there is sufficient competent evidence to support these findings and conclusions, they will not be set aside: Moore et ux. v. Doyle, 85 Pa. Superior Ct. 406.

### Order

And now, October 15, 1955, for the foregoing reasons, defendant's exceptions are overruled and dismissed.