## Commonwealth, to use, v. Morgan et al.

*Robert W. Smith*, for plaintiff; *J. J. Haberstroh*, for defendant.

PATTERSON, P. J., December 31, 1934. — Joseph A. Morgan, brother of Mathias D. Morgan, died intestate. Letters of administration were issued to Mathias D. Morgan, and on November 27, 1931, he filed a surety bond with New Amsterdam Casualty Company of Baltimore as surety in the sum of $1,800. Mathias D. Morgan filed his first and final account of the estate of Joseph A. Morgan with the Register of Wills of Blair County on June 17, 1932. In said account the defendant administrator, Mathias D. Morgan, took credit for the payment of $501.42 to N. A. Stevens, the plaintiff in this suit, the undertaker who conducted the funeral of the deceased. The account was confirmed absolutely by the orphans' court on October 11, 1932.

Plaintiff brings this action in assumpsit to recover from the defendant surety company the sum of $501.42, demand having been made upon the said Mathias D. Morgan for payment of the same, and refused.

Defendants filed an affidavit of defense in the nature of a statutory demurrer and assigned several reasons in support thereof. Briefly stated, the reasons are that there is not any adjudication of plaintiff's claim; that no auditor has allowed the same; and that there is a proceeding pending in the orphans' court to compel the payment of the same, and that the same has not been finally adjudicated.

We believe these reasons are insufficient to sustain the demurrer. This claim was finally adjudicated when the account in which the administrator took credit for the payment of the same was confirmed absolutely according to the act of assembly and the rules of the Orphans' Court of Blair County.

Section 47 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447, is as follows:

"In any county in which a separate orphans' court shall not be established, all accounts filed in the office of the register of wills, or in the orphans' court by fiduciaries, shall be examined by the court, and, if not excepted to, shall, after due consideration, be confirmed. If any person interested in the estate shall except to the account, or any of the parties shall desire to refer the account to an auditor, the court shall decide whether the matter calls for such reference; and, if so, the court may appoint a suitable person as auditor."

The absolute confirmation of the account by the court is a definite decree and adjudication, and an adjudication binding upon the administrator, his bondsmen, and all parties in interest.

In Schaeffer's Appeal, 119 Pa. 640, the Supreme Court held (quoting from the syllabus) :

"The confirmation absolute of an administration account is a final decree, and, if unappealed from, is conclusive as to all matters therein contained."

Other cases to the same effect are Rhoads' Appeal, 39 Pa. 186, Robins' Estate, 180 Pa. 630, and Yocum v. Commercial National Bank of Pa., 195 Pa. 411.

The fact that there are citations, prosecutions, or other proceedings in the orphans' court, court of equity, or quarter sessions does not necessarily deprive the plaintiff of his right to proceed with this action in assumpsit in the court of common pleas.

### Decree

Now, December 31, 1934, the affidavit of defense in the nature of a statutory demurrer is hereby overruled and defendants allowed 15 days in which to file their affidavit of defense.