## Forsyth's Estate

Argued May 9, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Charles C. Lark,* with him *Frederick E. Lark,* for appellant.

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* with him *Harry E. Sprogell,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 19, 1939:

This is an appeal by Charles P. Helfenstein, to whom by the will of Caroline H. Forsyth, who died on June 3, 1932, was bequeathed the sum of $5,000 and certain portraits. The testatrix then made other pecuniary bequests to other persons. The will was executed May 20, 1931. On May 4, 1932, the testatrix made a codicil to her will, the third paragraph of which reads as follows: "None of the bequests I have made in any of the clauses of my said last Will and Testament are to be paid out of my real estate or the proceeds thereof, but wholly out of my personal estate, nor is any of the jewelry to be sold or disposed of for this purpose, as I

have made other disposition thereof, nor is any of the furniture, dishes, glass ware, silver or other personal effects or pictures, except the stocks and bonds, to be used to pay the personal bequests, as they are to go to my beloved niece Bethed Pershing Hartshorn under the residuary clause herein."

It is conceded that under decedent's will all pecuniary legacies contained therein should, under Section 17 of the Wills Act of June 7, 1917, P. L. 403, "be charged upon, and payable out of, any real estate not specifically devised where the personal estate is insufficient for their payment, or where the personal estate, though originally sufficient, has been wasted or misapplied by the executor, *unless a contrary intention shall appear by the Will*" (italics supplied).

After allowance and payment of the costs of audit in this case there was available in the hands of the executor for the payment of legacies, the sum of $13,028.84. The allowance and payment of certain unliquidated claims reduced the fund in the hands of the executor, to $5,953.84.

The auditor who was appointed by the court below and whose report, after exceptions were filed and considered, was confirmed by the court below, stated succinctly the questions before him and one of these questions is now before us. It is, as the auditor stated it, as follows: "Are the pecuniary legatees named in the first eleven clauses of the Will of decedent entitled to have their legacies paid out of the whole of the personal estate that came into the hands of the Executor, or are they limited to the stocks and bonds?"

The auditor held that the legatees were entitled to have their legacies paid only out of the stocks and bonds. He said: "We are fully convinced that testatrix unquestionably expressed a contrary intention when she said that none of the pecuniary bequests are to be paid out of her real estate or the proceeds thereof and that no personal property should be used for the payment of

these personal bequests except the stocks and bonds. This language is clear. . . . While it is true that a testator's intention must be gathered from the language of his will, nevertheless, it is also the established law of this state that the intention is not to be gathered from a possible but unexpressed intent. *French's Est.,* 292 Pa. 37 [140 A. 549]; *Ludwick's Est.,* 269 Pa. 365 [112 A. 543]. If she intended what counsel for legatees now argue she did, she could and should have said so." After the confirmation of the auditor's report, legatee Charles P. Helfenstein appealed.

In his paper book appellant says: "If, in the case at bar, there were a direction to pay the legacies out of the personalty, without anything more, these bequests would undoubtedly be demonstrative, but the language of the Will is: 'None of the bequests I have made in any of the clauses of my said last Will and Testament are to be paid out of my real estate or the proceeds thereof, but wholly out of my personal estate, . . .' and directs that the bonds and stocks should be sold for that purpose and that other articles of personal estate are not to be sold. Under the law as contained hereinabove, these legacies are specific, but whether they be specific or demonstrative, they should have been paid in full, together with interest, as will be hereinafter shown. In *Crawford's Est.,* 293 Pa. 570 at 574, 143 A. 214, the court, quoting from *Walls v. Stewart* [16 Pa. 275], says: ' "The distinction seems to be this: If a legacy be given with reference to a particular fund, only as pointing out a convenient mode of payment, it is considered demonstrative, and the legatee will not be disappointed though the fund totally fail. But where the gift if [is] of the fund itself, in whole or in part, or so charged upon the object made subject to it as to show an intent to burden that object alone with the payment, it is esteemed specific." ' "

In reply to appellant, appellee says: "Counsel for the appellant insists strenuously that the bequest to the

appellant is a specific bequest. This construction appears to counsel for the appellee to be correct—it was a specific bequest of the proceeds of the sale of stocks and bonds. A specific legacy is the gift by will of a particular thing or its proceeds. *Balliet's Appeal,* 14 Pa. 451; *McMahon's Est.,* 132 Pa. 175 [19 A. 68]; *In re Snyder's Est.,* 217 Pa. 71 [66 A. 157]; *In re Wood's Est.,* 267 Pa. 462 [110 A. 90]. The legacy is only of that specific object, and the brief for the appellant shows clearly that he has been awarded his proportionate share of those proceeds."

The contention of the appellee must be sustained by us, as it was sustained by the court below. It is clear that under the terms of the third paragraph of the codicil, the appellant is not entitled to have his legacy paid out of any other estate of the decedent. The testatrix bequeathed the appellant $5,000, but restricted its payment to the proceeds of the sale of "stocks and bonds." The record shows such net proceeds have been applied proportionately to appellant's claim. The cash in the estate has been used for administration expenses. There is nothing more in the estate which is available for the payment of appellant's legacy. There was a sum amounting with interest to $63,125.10 realized from the sale of certain real estate which had been condemned by the School District of Shamokin Borough, the condemnation proceedings having been instituted on February 2, 1925. On August 13, 1927, Mrs. Forsyth agreed with the School District to convey this property to it for $49,000, payable upon six months' notice at any time after August 1, 1930, the vendor meantime to remain in possession.

Appellant contends that the whole of the personal estate as it came into the hands of the executor belongs to the pecuniary legatees, without any deduction for debts, funeral expenses or expenses of administration and that the only deduction that can be made from these legacies is for inheritance taxes to the State of Penn-

sylvania. Appellant insists that the debts, funeral expenses and administrative expenses are payable out of the residuary estate. Since the cash in the estate was used to pay debts and expenses and since the net proceeds of the sale of stocks and bonds was used to pay specific legacies proportionately, no money could be obtained for the payment of the balance of appellant's legacy unless the money realized from the sale of the real estate was so applied, and this was devised and bequeathed to Bethed Pershing Hartshorn, her heirs and assigns.

When all the parties were before the court at the time of the audit of the first and second accounts, the present appellant made no objection to the use of the balance of cash then in the hands of the executor in payment of creditors under the auditor's report. According to appellant's present contention, the legatees at the time the first and second partial accounts were filed (January 7, 1933, and August 26, 1933, respectively) had the right to demand that all the debts and expenses of the estate should be made out of the proceeds of the sale of the real estate so that the cash assets first in the hands of the executor could be preserved intact and thus appellant's bequest of $5,000 (in the eighth paragraph of the will) be paid. This demand, if acceded to, would have been tantamount to paying appellant's bequest out of the proceeds of the real estate and this would have been contrary to testatrix's testamentary intention as expressed in paragraph 3 of her codicil of May 4, 1932 (supra). Appellant did not *then* demand the stocks and bonds in kind or the proceeds thereof. He made no objections to the accounts. The auditor's report on these two partial accounts was confirmed absolutely on February 19, 1934. Now appellant demands that the full amount of his bequest be paid out of the estate, though admittedly, in order to do this, some of the proceeds of the sale of the real estate would have to be used. It is well settled that a partial account

duly confirmed is a definitive decree: *Rhoad's Appeal*, 39 Pa. 186; *Owen's Appeal*, 78 Pa. 511; *Appeals of Fross and Loomis*, 105 Pa. 258; *In re: McKinney's Est.*, 260 Pa. 123, 103 A. 590. In *Elkins's Estate*, 325 Pa. 373, 190 A. 650, this court held: Under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, an account presented to the orphans' court, advertised, audited, adjudicated and confirmed absolutely, cannot be reviewed after five years from the date of the final decree of confirmation except where fraud is properly alleged and proved. See also *Colladay's Estate*, 333 Pa. 218, 3 A. 2d 787.

The award of the court below of the remainder interest in the fund to be held in trust for Anna Phillips for life, being premature, this opinion and decree shall be considered as without prejudice to the rights of any person or persons who may be entitled, on her death, to the said fund.

The decree is affirmed at appellant's cost.