Dingee Estate.

Argued November 16, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*David H. H. Felix,* of *Felix & Felix,* for appellant.

*Wilbur H. Van Dine,* with him *Edgar A. Barnett,* for appellees.

OPINION BY HIRT, J., January 27, 1944:

The lower court properly refused to order a sale of trust real estate to satisfy the personal claim of the trustee against the estate; the order will be affirmed.

Sallie B. Dingee died July 4, 1909, and by will devised five acres of land in Bucks County together with the mansion house known as Croyden Lodge, to her executor Lawrence G. Taylor in trust for the benefit of named beneficiaries. Six accounts were filed by the trustee in his lifetime; the seventh account, giving rise to the present dispute, was filed after his death by his executor, the appellant here. This account was con-

firmed nisi on September 14, 1936 and absolutely on September 25, 1936. The account charged the trustee with $2,673.59 and claimed credit for $4,211.58. It is asserted that the confirmation of the account is a definitive decree in favor of the accountant and against the estate in the sum of $1,537.99. The Doylestown National Bank and Trust Company was appointed trustee of the estate after the death of Lawrence G. Taylor.

On March 4, 1942, more than five years after the confirmation of the account, Charles L. Taylor, executor of the original trustee, filed his petition praying for an order directing the present substituted trustee to sell Croyden Lodge to satisfy the claim of $1,537.99. Under the will of Sallie B. Dingee and by assignment from prior life tenants title to the five acres of land and the mansion house vested in Elwood Heston Bailey, grand nephew of testator, for life with remainder to his children. Bailey's answer to the petition, for himself and as guardian ad litem for his minor children, denies that the confirmation of the account is an adjudication of the disputed question as to the amount of the advancements made by the trustee to the estate; he also questions the power of the court to defeat the purpose of the trust by ordering a sale of the land in the absence of an express or implied power of sale in the will of Sallie B. Dingee.

The rules of the Orphans' Court of Bucks County provide for notice of filing a trustee's account by advertisement in two local newspapers once a week for four weeks. Accountant complied with this rule. Bailey lived in Philadelphia and did not know of the account or its confirmation until informed by the present petition. Nevertheless, since the rules of the lower court were complied with, the account now cannot be attacked collaterally. Where the proceedings are regular, an account cannot be reviewed after five

years from the final decree of confirmation except where fraud is charged and proven. *Forsyth's Estate,* 335 Pa. 281, 6 A. 2d 817; Fiduciaries Act of June 7, 1917, P. L. 447, §48, 20 PS 843. Fraud is not alleged in this case. However the confirmation of a trustee's account is conclusive only as to matters properly embraced within it. *Robins's Estate, Robins et al.,* 180 Pa.. 630, 37 A. 121. The account does not sustain appellant's assertion of a definitive decree in his favor for $1,537.99. Of that amount $1,120.50 is made up of claims which the accountant considered to be *"due"* from the estate but none of them was paid by the trustee either out of trust property or his individual funds. Only $136.50 is shown to have been actually advanced by Lawrence G. Taylor by the payment of the costs in a former appeal in this estate. The court construed the confirmation of the account as a definitive decree in his favor in that amount only. The remaining $280.99 of the claim, is made up of items *assumed* by appellant to have been advanced by the trustee.

A trustee is entitled to indemnity out of the trust estate for expenses properly incurred by him but he is entitled to reimbursement only if he has used his individual property in discharging the liability. Restatement, Trusts, §244(c). "The trustee is allowed a credit not for what he owes or has agreed to pay but for what he has paid. Payment by the trustee is a necessary prerequisite to any claim against the estate. ......": *Clark's Estate,* 195 Pa. 520, 46 A. 127. It is unimportant whether the decree in appellant's favor is $136.50 or $280.99 additional. A decree in the larger amount would not affect the result in this proceeding.

The status of this appellant was something less than that of a creditor entitled to execution on a judgment in his favor. He was not enforcing a right flowing, as a matter of law, from the final confirmation of an account. The Orphans' Court has the power to order

sale of trust property to satisfy the trustee's advancements. *Woodward's Appeal*, 38 Pa. 322. But where the will does not authorize the sale of land, the power of the court to direct a sale of trust real estate rests upon equitable principles. "He who seeks equity must do equity"; and the burden was on appellant not only of showing a debt due from the estate but that he, in good conscience, was entitled to the aid of equity in enforcing payment by an extraordinary method. He has dealt inequitably with the beneficiaries of the trust and the court did not abuse its discretion in refusing his request. Under the circumstances, we think the beneficial owners of the land would have had just ground for complaint if a sale had been ordered.

In fairness to the beneficiaries of the trust, appellant, representing the estate of the trustee, well might have given them actual notice of the filing of the account. Restatement, Trusts, §170(2), §173. It is the duty of a trustee to keep the beneficiaries fully informed of his acts. *Harris v. Silvis*, 86 Pa. Superior Ct. 222; *Wheeler's Assigned Estate*, 287 Pa. 416, 135 A. 252. If notice had been given the beneficiaries in this case, they undoubtedly would have excepted to the account. The finding of the lower court that appellant is chargeable with bad faith has support in the record. The relations between the trustee and the beneficiaries of the will were somewhat strained. Appellant is an attorney and had represented his brother as trustee from the inception of the trust. He not only failed to give actual notice of the account to the beneficiaries, but waited more, but little more, than five years before asserting rights which he claimed under the order of confirmation. In the meantime, from the lapse of time, there was a change in the position of the beneficiaries to their disadvantage; after five years they were barred from questioning the account except for fraud. As an attorney, appellant well knew of his duty to keep the beneficiaries informed of

his acts in relation to the trust. By his failure in this respect and by seeking to take advantage of the fruits of his own delay in bringing this proceeding he is in no position to invoke the exercise of equitable powers of the court. 4 Bogert Trusts and Trustees, §948; *Harris v. Silvis,* supra; *Wheeler's Assigned Estate,* supra; *Riley v. Boynton Coal Co. et al.,* 305 Pa. 364, 157 A. 794; *Warren Tank Car Co. v Dodson,* 330 Pa. 281, 199 A. 139.

Decree affirmed at appellant's costs.