## Wilson Estate

*George B. Ritchie,* for executor.
*James P. Harris, Jr.,* for claimant.

SELECKY, P. J., March 25, 1959.—This matter comes before the court in an unusual proceeding consisting of a petition to strike from the records a written notice of a claim filed by Dr. Donald B. Lewis.

Had claimant retained the services of counsel originally, in pressing his claim for a balance allegedly

due in the amount of $1,019, instead of waiting until after the audit to do so, this rather bizarre set of pleadings would not have resulted.

The record and the facts admitted in the pleadings filed in connection with this claim reveal that Stella A. Wilson died testate September 29, 1956, that claimant, Dr. Donald B. Lewis, notified the executor, Robert J. Doran, himself an attorney, orally of his claim, apparently originally in the amount of $1,840, that said executor did, in fact, pay Dr. Donald B. Lewis the sum of $758 on November 8, 1956, in addition to an amount paid by decedent herself, as shown in the first and partial account of said executor filed April 18, 1958, but the executor apparently refused to pay the balance, that written notice of the filing of the first and partial account by the executor on April 18, 1958, and its call for confirmation and audit on June 3, 1958, were duly given claimant by the executor, that said claimant failed to appear at the audit of said account to prove his claim because he alleges that, although the executor refused to "assume the responsibility of approving the claim", he, the executor, would "submit the claim to the court for approval" and that it was not necessary for Dr. Lewis or his representative to be present at the audit.

Claimant failed to appear at the audit and although the executor did not list this claim as contested in his petition for distribution (in fact, the executor alleged, in paragraph (5) of the petition for distribution: "Your petitioner has paid all debts presented to him"), the executor did bring this claim to the attention of the court at the audit, who called upon claimant for proof, which was not forthcoming because of claimant's failure to appear. The filing of the report on audit was delayed until August 29, 1958, because the executor was directed by the court to file a supplemental petition for distribution in order to properly

present an agreed list of distribution of assets in kind, etc. No copy of said report on audit, nor notice thereof, was given to Dr. Donald B. Lewis by this court because he had not filed a written claim prior to the audit, did not enter an appearance himself, nor by counsel, prior to the audit, and had given all indications of abandoning the balance of his claim.

While this court was waiting for the executor's supplemental petition for distribution to complete its report on the audit, claimant directed a letter to the register of wills office, on July 17, 1958, some six weeks after the audit of June 3, 1958, and was properly advised to retain counsel, which he did. Within a week, attorney James P. Harris, Jr., did file such a written claim, now in the amount of $1,777, less credit for the $758 already paid, or $1,019, in the office of the register of wills, along with an affidavit indicating service of a copy thereof upon the executor on July 22, 1958, by mail. The executor, Robert J. Doran, never notified this court that he received such written notice of the claim, which probably would have altered our course in preparing our report on audit. This court handed down a report on audit on August 29, 1958, in which we disposed of this claim as follows:

"8. That at audit claim was noted of record for Dr. Donald B. Lewis in the amount of $678.00. This claim was not admitted by the accountant and proof requested. Notice having been given of the time and place of the audit to the claimant and no appearance having been made on behalf of Dr. Lewis to prove said claim it is disallowed."

The notes of testimony taken at the audit indicate that counsel advised the court that the original claim was $1,840, that decedent paid $404 during her lifetime, that the executor paid another $758 on November 8, 1956, leaving a balance due of $678. This amount

is further disputed. As indicated, this court gave no notice thereof to Dr. Donald B. Lewis for the reasons given above, believing said claim to have been abandoned for failure to file written notice thereof and failure to appear, because this court was totally unaware of the subsequent filing of this claim on July 23, 1958. Both claimant's counsel and executor's counsel should have so notified this court, since both knew we had not yet handed down our report on audit at the time of the filing of said claim.

Claimant's counsel now points to section 616 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.616, which provides as follows:

"Section 616. Failure To Present Claim At Audit.— If any claimant whose claim is not reported to the court by the personal representative as an admitted claim shall fail to present it at the call for audit or confirmation, he shall not be entitled to receive any share of the real and personal estate distributed pursuant to such audit or confirmation, whether the estate of the decedent be solvent or insolvent."

He further cites Haskins and Smith Penna. Fiduciary Guide §15.4, page 180, as follows:

". . . creditors whose claims are not admitted by the personal representative and to whom constructive or written notice has been given must appear and prove their claims or they lose whatever rights they might have in the distribution. . . . They do not, however, lose their possible rights in funds accounted for thereafter."

Harbison Estate, 365 Pa. 468 (1950), states it thus, at page 473:

"A dilatory creditor who failed to give notice or neglected to present his claim at the first audit, while he may be barred as against assets distributed [citing cases] is not barred thereby from presenting his claim as to any assets not accounted for or which may have

been awarded back to accountant for future accounting. He is only barred against assets which have been distributed, and an award back to the accountant for future accounting is not distribution unless made so by terms of court's award."

On the other hand, the Supreme Court has stated that: "A partial account duly confirmed is a definitive decree", as is its adjudication: Forsyth's Estate, 335 Pa. 281 (1939).

The report on audit, confirmed absolutely September 9, 1958, does reveal that the sum of $44,667.46 was returned to the executor for further administration. It would appear that this creditor should have his proper day in court, and that as long as the executor has funds for further administration, the creditor may pursue his claim. Now that claimant has given written notice of his claim, and filed his appearance, through counsel, he is entitled to written notice of the filing of any future account by the executors and of its call for audit or confirmation, under section 703 of the Fiduciaries Act of 1949, 20 PS §320.703, and the executor no longer has the right to make any risk distribution, under section 732 of said Fiduciaries Act, to the prejudice of this claimant, who has now given notice of his claim. Likewise, claimant's written notice now tolls the statute of limitations, under section 614(a) of said Fiduciaries Act. The executor complains he is put to the inconvenience and possible expense of preparing his defense again for the next audit, and claimant should not be allowed to bypass the date of audit of the first and partial account and prefer the date of audit of a subsequent account. It is not clear that claimant here did intentionally pass the audit of the first and partial account. Even if he did, the statute gives claimant the right to prove his claim at the audit of any subsequent account, subject to the risk of an approved distribution that might exhaust the estate

funds. The creditor takes that risk, but when sufficient funds are awarded to the executor for further accounting, claimant still retains his right to prove his claim at a subsequent audit.

Accordingly, we enter this

### Decree

That the executor's petition to strike this claim from the records is dismissed, and said claim is allowed to remain of record to be adjudicated upon the audit of a subsequent account of the funds awarded to this executor for further administration.