In re FAMILY AND INDUSTRIAL MED-
ICAL FACILITIES, INC., Family and
Industrial Health Care, Inc., Cam-
bridge Institute a/k/a Girard Family
and Industrial Facilities, Debtors.

CLARKE AND COHEN, Plaintiffs,

v.

FAMILY AND INDUSTRIAL MEDICAL
FACILITIES, INC., Family and Industri-
al Health Care, Inc., Cambridge Institute
a/k/a Girard Family and Industrial Fa-
cilities James Alexy, Esquire, and Harry
Altenberg, Interim Trustee, Defendants.

Bankruptcy No. 81–03371K.
Adv. No. 81–1393K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 3, 1982.

As Amended Jan. 4, 1983.

Jay G. Ochroch and Leonard P. Goldberger, Philadelphia, Pa., for plaintiffs.

James A. Alexy, Philadelphia, Pa., for debtors/defendants.

Harry Altenberg, Philadelphia, Pa., interim trustee.

Lawrence J. Tabas, Philadelphia, Pa., for interim trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint for relief from the automatic stay pursuant to § 362(d) of the Bankruptcy Code as well as for declaratory relief requesting the Court to find that the funds in question are not property of the debtor nor property of the bankruptcy estate.[1]

The plaintiff has named as defendants Family and Industrial Medical Facilities, Inc., Family and Industrial Health Care, Inc., Cambridge Institute a/k/a Girard Family and Industrial Facilities, "Debtors", their counsel, James A. Alexy, Esquire, and Harry Altenberg, the Interim Trustee herein.

This Court will enter an Order as follows:

1. That James A. Alexy, Esquire, is the trustee of the fund of $62,000.00 in question according to the law of the Commonwealth of Pennsylvania.

2. That James A. Alexy, Esquire, as trustee, has breached his fiduciary duty to the beneficiaries of the fund.

3. That James A. Alexy, Esquire, is not liable for damages because the plaintiffs have failed to establish damages which are compensable at law.

4. That the declaratory relief will be granted on the basis that the $62,-000.00 fund in question is not property of the bankruptcy estate.

5. That Clarke and Cohen's request for punitive damages will be denied.

6. That the complaint in interpleader filed by James A. Alexy, Esquire, to have the $62,000.00 fund turned over from his possession to the Bankruptcy Court shall be scheduled for hearing.

7. That James A. Alexy, Esquire, has a valid attorney's charging lien on the second fund, totalling $18,000.00, at issue in the case.

The facts in the case at bar are complex and confusing. The plaintiff, Clarke and Cohen, Inc. (hereinafter referred to as Clarke and Cohen), is a duly licensed Pennsylvania Corporation engaged in the business of the public adjustment of fire losses, and its place of business is 229 Chestnut Street, Philadelphia, Pennsylvania. The defendants are the above-captioned debtors and their counsel as well as the interim trustee of the case. The debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code on September 15, 1981. It is necessary to state the events leading to the filing of the bankruptcy petition in order to develop the nature of this dispute.

The debtors had ceased operating at the location on Academy Road in Philadelphia because of severe financial constraints in January of 1979.[2] The debtors did, however, continue to provide services to patients and incur legal obligations at the Front and Girard Avenue, Philadelphia, Pennsylvania, location. On January 14, 1979, the debtors suffered a fire loss at the Academy Road location, which loss caused

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

2. Notes of Testimony, p. 13.

extensive damage to the premises.[3] As a result of this loss, the debtors, by an agreement dated January 15, 1981, (hereinafter referred to as the agreement), engaged the services of Clarke and Cohen to advise and assist in the adjustment of debtors' insurance claim arising from said fire loss. In compensation for its services, Clarke and Cohen, agreed to accept a fee of 10% of the amount collected by the debtors on behalf of such insurance claim.[4] This agreement also provided that the debtors would assign to Clarke and Cohen all moneys due from the insurance company as security for the payment of Clarke and Cohen's fee.[5] The debtors, however, were insured for fire losses through the Insurance Company of North America (hereinafter referred to as INA),[6] and, as a result of the company's refusal to pay the claim, the debtors were unable to pay Clarke and Cohen.

The debtors through Counsel, James A. Alexy, instituted suit for a total of $277,067.83 against INA under the insurance policy for damages suffered from the fire loss.[7] The debtors' suit against INA was commenced on June 7, 1979, in the Court of Common Pleas of Bucks County Pennsylvania,[8] and the case was heard before Judge Rufe who aided the parties in negotiating a settlement agreement which was subsequently confirmed by a verdict against INA in the amount of $80,000.00.[9] This settlement was divided into separate awards based upon the two (2) counts of the debtor's complaint.[10] In count number one (1), the debtor was awarded $62,000.00 as compensation for the fire loss. In count number two (2), James A. Alexy, Esquire, attorney for the debtors, was awarded the sum of $18,000.00 for counsel fees.[11] The award for the fire loss in count number one (1)

was in the form of an INA check payable to the order of:

James A. Alexy, Esquire, James A. Alexy, Esq., *as Trustee* for Family and Industrial Medical Facilities Inc., Family and Industrial Health Care Systems, Inc., Cambridge Institute Coulter Electronics, Inc., Leasing Service Corporation, Dr. Ivan Doner, Dr. Herbert Zemble, Oakwood Leasing, Clarke & Cohen, Keystone X-Ray, Inc., Dr. David M. Spratt, Keith Haldeman, Department of Treasury-Internal Revenue Service, (Phila 510) Phila. Pursuant to and in satisfaction of Count I of the verdict entered in the Court of Common Pleas, Bucks County in Civil Action 79–6279–06–1.[12]

The second check, awarded on count two (2) of the complaint, was made payable to the order of:

James A. Alexy, Esq., *as attorney* for Family and Industrial Medical Facilities, Inc., Family and Industrial Health Care Systems, Inc., and Cambridge Institute, pursuant to and in satisfaction of Count II of the verdict entered in the Court of Common Pleas, Bucks County, Civil Action No. 79–6279–06–1.[13]

After the verdict was returned in the Bucks County action, James A. Alexy, Esquire, in a conversation on the record with Judge Rufe and the attorney for INA, stated that:

In return for the issuance of the two (2) checks, I will file on behalf of the corporation a satisfaction piece that clears the record and clears the judgment against INA. Of that sum then remaining, it will be my responsibility to see to it that the priority lien of the Internal Revenue Service is dealt with and all the other parties

---

3. Notes of Testimony, p. 11.

4. Exhibit P–2.

5. Id.

6. Notes of Testimony, pp. 12, 27 and 28.

7. Id.

8. Notes of Testimony, p. 73; Exhibits P–7, P–11, and D–1.

9. Notes of Testimony, p. 73; Exhibit P–11.

10. Notes of Testimony, pp. 73 and 74; Exhibit P–11.

11. Exhibit P–11.

12. Exhibit D–2 (emphasis added).

13. Exhibit D–2 (emphasis added).

who may have an interest in that sum will have to deal with, and I take responsibility to do that either on an agreement basis or by some procedure and order of the court at a subsequent date.[14]

The checks were subsequently turned over to Mr. Alexy, and he endorsed the check for count one as "... James A. Alexy, Trustee for Family and Industrial Health Care Systems, Inc...". The moneys were deposited on June 15, 1981 in an interest-bearing account in a branch of the Bank of New Jersey near Mr. Alexy's New Jersey office,[15] and the account was captioned as above stated. A petition in bankruptcy was filed on behalf of the debtors on September 15, 1981.[16]

Mr. Alexy did not inform Clarke and Cohen or any of the other parties named on the check that the judgment had been entered in the Bucks County case or that he was holding the funds for said named parties.[17]

At trial, before this Court, on December 29, 1981, Mr. Alexy stated concerning his failure to inform Clarke and Cohen of the Bucks County Order and of the funds in existence, as follows:

Direct Examination

Q. By Mr. Ochroch, (attorney for Clarke and Cohen):

"Did you ever go to Clarke and Cohen to inform them that in fact a verdict had been entered prior to your letter of September 15th?"[18]

A. By Mr. Alexy: "Prior to September 15th, I did not. I understand other people have."

Q. "Told Clarke and Cohen."

A. "I understand, yes."

Q. "You did not."

A. "No."

Q. "Why didn't you, after you told the Court in Bucks County that that was your responsibility."

A. "The preparation of the petition occurred in June of 1981 and I did not then and I don't now, think that I owe any sort of special duty to either Clarke and Cohen or the other parties other than carrying out the agreement with the Court which was to establish the procedure, protect the fund which is what I have done and make it available so everybody could have their chance to come into Court and make their argument as to what their priorities would be."[19]

It has further been admitted by Mr. Alexy that when he agreed to take the funds from the Bucks County Court and to hold them until the parties reached "... an agreement basis whereby some procedure and Order of the Court at a subsequent date...", his intentions were to have the president of the debtors file for bankruptcy, in order that the funds would be distributed by further order of the Bankruptcy Court.[20]

It was further elicited during testimony of the attorney for INA that Judge Rufe was aware of the fact that Mr. Alexy considered having the debtors file a petition in bankruptcy in order to distribute the funds.[21]

Having stated these lengthy and convoluted facts, the Court will now proceed to address the merits of the case.

1. JAMES A. ALEXY, ESQUIRE, IS FOUND TO BE A TRUSTEE OF THE FUND OF $62,000.00.

■ Although Mr. Alexy contends that he is a mere stakeholder or custodian and not a trustee for the creditors named on the check issued in satisfaction of count one (1), the Court finds otherwise. The fact that Alexy took responsibility of the funds in

14. Notes of Testimony, p. 74.

15. Exhibit P–1; Schedule B–2; Notes of Testimony, pp. 96 and 97.

16. Notes of Testimony, p. 81.

17. Notes of Testimony, p. 79.

18. Exhibit P–3.

19. Notes of Testimony, pp. 79–81.

20. Notes of Testimony, p. 86.

21. Notes of Testimony, p. 109.

question along with his endorsement of the checks and his deposit of the money in the bank "as trustee", manifest that an express trust has been created. As to the words "payable to James A. Alexy, as Trustee", Pennsylvania case law has held that the use of the word "trust" is not, of itself, sufficient to establish the creation of a trust. *Tunnell's Estate,* 325 Pa. 554, 190 A. 906 (1937); *E.P. Wilbur Trust Company v. Knadler,* 322 Pa. 17, 185 A. 319 (1936). Nevertheless, in determining whether an instrument creates a trust, the words "in trust" are entitled to significant consideration. *Lehigh University v. Hower,* 159 Pa.Super. 84, 46 A.2d 516 (1946). To aid in determining whether an express trust has been created, the Pennsylvania Supreme Court has established three (3) essential criteria:

1. Words sufficient to create the trust relationship,
2. a definite subject matter, and
3. an ascertained object of the trust.

*Jackman v. Equitable Life Assurance Society of the United States,* 145 F.2d 945 (3 Cir.1945); *Evans Estate,* 372 Pa. 284, 93 A.2d 683 (1953); *Ranney v. Byers,* 219 Pa. 332, 68 A. 971 (1908); *In re Smith's Estate,* 144 Pa. 428, 22 A. 916 (1891).

■ The facts of the case at bar indicate an intention to make a deposit in trust for the parties named on the check whom the Court will consider beneficiaries. *In re Broses Estate,* 416 Pa. 386, 206 A.2d 301 (1965); *Rambo v. Pile,* 220 Pa. 235, 69 A. 807 (1908); *Merigan v. McGonigle,* 205 Pa. 321, 54 A. 994 (1903); *Gaffney's Estate,* 146 Pa. 49, 23 A. 163 (1892). All of the aforementioned cases support the contention that Mr. Alexy's actions were sufficient to create a trust relationship.

Mr. Alexy promised Judge Rufe to take responsibility of the funds in question and he, at no time, objected to the issuance of the checks, which were payable to him as trustee either before or after receipt. Further, with full knowledge that he was named as trustee on the check, he proceeded to create an interest-bearing account with himself named as trustee of the funds.

As a result, this Court shall hold that the three (3) requirements which the Pennsylvania Supreme Court has established for the creation of an express trust have been met in the instant case.

The statement of Mr. Alexy to Judge Rufe at the Bucks County trial, in addition to the acceptance of the negotiable instruments which named him as trustee, indicate that there has been sufficient language to establish a trust relationship.

The second requirement is also satisfied in the case at bench. The subject of the trust is the $62,000 award issued to Mr. Alexy for the benefit of those named on the fact of the instrument. The third requirement for the creation of a trust, that of an ascertained object of the trust, is also present. Clearly, the beneficiaries of the trust are those parties who were named on the check, including Clarke and Cohen and the other creditors enumerated on the face of the check.

■ The Pennsylvania Supreme Court has held that the statute of frauds, although requiring trusts in real property to be in writing, has no such requirement to bar the establishment of a trust in personal property. An express parol trust in personal property will be enforced if it is validly established. *In re Estate of Trbovich,* 488 Pa. 583, 413 A.2d 379 (1980). Also, the Court held that, while an intent to create an express trust must be manifested by the settlor in order to create a trust relationship, the manifestation of that intent need not be in any particular form, so long as every element of the completed trust is present. In the case at bar, Mr. Alexy, through his words and actions, has created an express trust.

2. JAMES A. ALEXY, ESQUIRE, AS TRUSTEE HAS BREACHED HIS FIDUCIARY DUTIES.

In the instant case, James A. Alexy, Esquire, breached his fiduciary duty to the beneficiaries by failing to inform them that

judgment had been entered in the Bucks County decision. Mr. Alexy, as previously noted, has admittedly failed to inform the beneficiaries that he undertook responsibility for distribution of the fund of $62,000.00. Pennsylvania law recognizes that a trust imposes serious fiduciary responsibilities on the trustee. *In re Holmes Trust,* 392 Pa. 17, 139 A.2d 548 (1958). The Supreme Court of Pennsylvania has further held that loyalty is the most basic factor in a trust relationship; and, that once the trust is accepted, it must be administered solely in the interest of the beneficiaries. *In re Union Real Estate Investment Company,* 331 Pa. 569, 1 A.2d 662 (1938). The duty of a trustee depends upon the facts of each particular case; there is no standardized or inflexible rule that can be applied in all circumstances to determine the individual responsibility of a trustee. *In re Beaver Trust Company,* 146 Pa.Super. 545, 22 A.2d 111 (1941). It has further been held that a trustee has a duty to keep the beneficiaries fully informed of his actions. *In re Dingee's Estate,* 154 Pa.Super. 374, 35 A.2d 577 (1944).

██ The facts in the instant case support a holding that Mr. Alexy breached his fiduciary duty by failing to notify the beneficiaries that the funds were extant and available, and his contention that he failed to inform Clarke and Cohen because he was unaware that he owed them any special duty is no excuse for his failure to carry out a fiduciary obligation. Although the creditor-beneficiaries could have been more diligent by keeping themselves closely informed as to the progress of the case in the Bucks County Court, the creditor's laxity does not relieve the trustee from his fiduciary duties. If the action of a trustee is properly questioned, he must sustain the burden of proving the wisdom and propriety of his conduct. *The Petition of Capital Bank and Trust Company,* 336 Pa. 108, 6 A.2d 790 (1939).

3. JAMES A. ALEXY, ESQUIRE, IS NOT PERSONALLY LIABLE FOR DAMAGES BECAUSE THE PLAINTIFFS HAVE FAILED TO ESTABLISH DAMAGES WHICH ARE COMPENSABLE AT LAW.

██ Pennsylvania case law has held that so long as the trustee of a fund acts within the line of duty and exercises good faith, reasonable prudence, care, and diligence, he will not be held liable for any loss or depreciation of the fund entrusted to him. *Harton's Estate,* 331 Pa. 507, 1 A.2d 292 (1938); *Heyl's Estate,* 331 Pa. 202, 200 A. 617 (1938). A trustee is liable, however, for loss and depreciation where he fails to act with the requisite care, skill and prudence. *Hart's Estate,* 203 Pa. 480, 53 A. 364 (1902); followed in *Wood's Estate,* 130 Pa. Super. 397, 197 A. 638 (1938). Whether a trustee, in investing trust funds, has acted in good faith and exercised sound judgment, must be determined in light of all the facts and circumstances in existence at the time the investment decision was made. *Glauser's Estate,* 350 Pa. 192, 38 A.2d 64 (1944). Alexy breached his fiduciary duty by failing to inform the beneficiaries of the existence of the funds and of the fact that he assumed responsibility of these funds. This, however, was the extent of his breach.

██ In view of all the facts in this case, Mr. Alexy did use due care and reasonable prudence in investing the money in an interest-bearing account in the Bank of New Jersey.[22]

The savings account has, in fact, accrued interest since the time that the money was deposited on June 15, 1981.[23] When questioned about the specifics of the savings account, Mr. Alexy stated that the investment was in the form of treasury bills, which were renewable every twenty-nine (29) days. The interest rate on said account has varied between 14 and 16%. At trial on December 29, 1981, Mr. Alexy further testified that the principal and the interest accrued thereon has not been touched or depleted at any time since the money was placed in the account. The amount held in

**22.** Notes of Testimony, pp. 96–98.

**23.** Notes of Testimony, p. 98.

the account at the time of the trial was $62,610.82.[24]

As a matter of law, therefore, this Court holds that Mr. Alexy is not personally liable for his breach of fiduciary duty. He has acted reasonably and with due care in investing the fund in an interest-bearing account. The plaintiffs have failed to demonstrate how Mr. Alexy's failure to immediately distribute the funds upon Order of the Bucks County Court and how his failure to inform them of the existence of the funds has caused them any financial harm. The funds are still in existence, untouched, and are accruing interest. Had Mr. Alexy used the funds for his own personal purposes or deleted the fund through failure to exercise reasonable care and due diligence, he could have been held personally liable. In the instant case, however, the facts do not justify this conclusion.

4. DECLARATORY RELIEF, ADJUDGING THE $62,000.00 FUND NOT TO BE PART OF THE BANKRUPTCY ESTATE WILL BE GRANTED.

■ The plaintiffs requested in Count I of their complaint that the Court enter an order . . . . . .

"(i) declaring that the fund is not property of the debtor nor property of the estate, and that James A. Alexy, Esq., holds the fund in trust for the benefit of Clarke and Cohen and the other named payees . . ."

In Wright and Miller, *Federal Practice and Procedure:* Civil § 2751, actions for declaratory relief are described as follows:

"... Remedies which provide a wilful solution. It gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so. This remedy enlarges the judicial process and makes it more pliant and malleable by putting a new implement at the disposal of the courts. It always is discretionary with the courts whether to make use of this procedure. The jurisdiction of the courts is not expanded and requests for declaratory relief may be heard only in cases that are otherwise within their jurisdiction."

In the case at bar, the plaintiffs seek a declaratory judgment adjudging that the $62,000.00 fund is held in trust by Mr. Alexy and as such, is not part of the debtors' bankruptcy estate. This Court has previously decided that James A. Alexy, Esquire, is the Trustee of the $62,000.00 and that the beneficiaries of the trust are Clarke and Cohen, and the other creditors listed on the check for Count I. The *Restatement of Trusts 2d,* Volume 1 § 1 states that

"in a trust there is a separation of interests in the subject matter of the trust, the beneficiary having an equitable interest and the trustee having an interest which is normally a legal interest."

This Court has also recognized that with the creation of a trust, the legal and equitable interests are separated. *In re Foster,* 19 B.R. 28 (Bkrtcy.E.D.Pa.1982). In the instant case, James A. Alexy, Esquire, the Trustee, holds the legal title to the $62,000.00 fund while the beneficiaries hold the equitable interest in this fund, none of which belongs to the debtors. As a result of the judgment rendered in the Bucks County decision, as evidence by the check for Count I from that decision, made payable to Mr. Alexy for the beneficiaries, the money is not property of the bankruptcy estate, since not in the possession of the debtors. It is required by § 541 of the Bankruptcy Code that all the legal and equitable interests of the debtors are property of the estate. However, since the debtors in the instant case assigned their interest in the first ten percent (10%) of their insurance proceeds to Clarke and Cohen and further granted Clarke and Cohen a secured interest in the entire proceeds received from the insurance settlement, along with the Bucks County decision awarding the

24. Notes of Testimony, p. 98.

$62,000.00 to the creditors, the debtors no longer have an interest in the fund, and the fund thus must be deemed not part of the debtors' estate.

Having determined that the $62,000.00 fund is not part of the debtors' Bankruptcy Estate, it is impossible for this Court to grant a complaint for relief as requested by the plaintiff in accordance with § 362(d) of the Bankruptcy Code. This Court cannot lift an automatic stay on the $62,000.00 fund which has been declared not to be a part of the estate, and which has not been interpleaded into the Court. With the exclusion of the $62,000.00 fund from the estate, the debtors are left with no equity, and a complaint for relief is unnecessary and of no effect.

### 5. PUNITIVE DAMAGES ARE NOT APPROPRIATE IN THIS CASE.

The plaintiff in this case has requested punitive damages as a result of Mr. Alexy's breach of his fiduciary duty. The breach, however, is not of such a nature as would justify an award of punitive damages. Mr. Alexy failed only to inform the plaintiff that the funds were in existence and that he was holding them awaiting distribution. Although there is some question as to the propriety of Mr. Alexy's conduct in retaining these funds for over three (3) months prior to filing the bankruptcy petition, there was no evidence provided by the plaintiff to support his allegation that this breach was made in bad faith. Clarke and Cohen also failed to prove that Mr. Alexy did not intend to return the funds to the plaintiff and the other named creditors. Mr. Alexy's conduct was admittedly ill-considered, however, the estate has been preserved.

This Court, finding that the plaintiff has failed to establish that Mr. Alexy's breach was in bad faith, punitive damages will not be awarded. There is no indicia on the record that Mr. Alexy's breach was so gross and unconscionable as to warrant punitive damages.

### 6. THE INTERPLEADER ACTION FILED BY JAMES A. ALEXY, ESQUIRE, WILL BE SCHEDULED FOR HEARING BEFORE THIS COURT.

Although this Court has found that the $62,000.00 fund in question is not property of the bankruptcy estate, some method must be made for the distribution of said fund. Mr. Alexy's original intention had been to have the trustee in bankruptcy distribute the fund. This proposed course of action, however, is not feasible in the instant case. Mr. Alexy also filed a complaint in interpleader with the Bankruptcy Court subsequent to the filing of the bankruptcy petition. The purpose of this action is to join all parties who may have an interest in the fund and to have the Court determine their rights and priorities in this fund.[25]

The creditors named as beneficiaries in the $62,000.00 fund have been awaiting payment since at least 1979. It would be unreasonable for this Court to deny jurisdiction of the interpleader filed by James Alexy, Esquire, and to force the litigation concerning distribution of these funds to be brought in a further Court. It would be in the interests of both the parties and judicial economy to have the matter reach a final adjudication. Although this interpleader does not involve property of the bankruptcy estate, the Court will retain jurisdiction of the matter pursuant to the grant of authority contained in 28 U.S.C. § 1471.[26] The

**25.** The interpleader action is captioned as James A. Alexy, Esq. vs. Family and Industrial Medical Facilities, Inc., Family and Industrial Health Care Inc., Cambridge Institute, Harry Altenberg, Trustee, Clarke & Cohen, Inc., Coulter Electronics, Inc., Leasing Services Corporation, Dr. Ivan Donar, Dr. Herbert Zemble, Oakwood Leasing, Keystone X-Ray, Dr. David M. Spratt, Keith Haldemann and Department of Treasury Internal Revenue Service—Adversary No. 81–1511K.

**26.** This statutory provision provides, in pertinent part, that:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

Court will, therefore, schedule a hearing on the interpleader action filed by Mr. Alexy.

### 7. JAMES A. ALEXY, ESQUIRE, IS FOUND TO HAVE A VALID ATTORNEY'S CHARGING LIEN ON THE FUND OF $18,000.00 IN QUESTION.

Mr. Alexy was awarded $18,000.00 as an attorney fee on Count II of the complaint by the Bucks County Court of Common Pleas. Although the plaintiff seeks turnover of these funds, Mr. Alexy asserts that he has a valid attorney's charging lien of said funds. In the case of *In re Laird*,[27] Judge Goldhaber of this District, set out a well recognized standard, established by the Pennsylvania Supreme Court, for recognizing an attorney's charging lien:

"In order to establish a charging lien under Pennsylvania law:

... it must appear

(1) that there is a fund in court or otherwise applicable for distribution on equitable principles,

(2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid,

(3) that it was agreed that counsel look to the fund rather than the client for his compensation,

(4) that the lien claimed is limited to costs, fees, or other disbursements incurred in the litigation by which the fund was raised, and

(5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

*Recht v. Clairton Urban Redevelopment Authority*, 402 Pa. 599, 168 A.2d 134 (1961); *United States v. Fidelity Philadelphia Trust*, 459 F.2d 771 (3 Cir. 1972).

In the instant case, all of the above criteria have been met. There is a fund in existence which Mr. Alexy is holding for distribution. Second, Alexy's services operated primarily to secure the fund which the debtor received in the Bucks County decision. Mr. Alexy represented the debtors throughout the entire Common Pleas proceedings and it was his efforts which enabled the debtors to recover under the insurance policy. Third, it was agreed that Mr. Alexy would look to the fund for compensation; and as a result, a check for his services was made directly payable to him under Count II of the Bucks County decision. Fourth, the lien which Mr. Alexy asserts is for no more than costs, fees, or other disbursements he made in connection with representing the debtors in this proceeding. Fifth, there are equitable considerations which necessitate the recognition and application of the charging lien in this case. These considerations include the facts that Mr. Alexy has expended a considerable amount of time in representing the debtors and that this fund is the sole source from which he could receive his compensation. This fact was obviously recognized by the Court of Common Pleas of Bucks County when the award was made under Count II of the complaint.

Plaintiff has sought to have these funds made available for the benefit of Clarke and Cohen as secured creditors. The Third Circuit, however, has held that an attorney's charging lien is superior to that of an assignee for security. *Fox v. Lofland*, 98 F.2d 589 (3 Cir.1938). Clarke and Cohen claim secured status in the total $80,000.00 fund which was awarded in the Bucks County case, however, an attorney's charging lien could not be displaced by such a mechanism. *Fox, supra.*

This Court, therefore, finds the charging lien in this case to be valid and it will not

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

27.  *In re Laird,* 6 B.R. 273 (Bkrtcy.E.D.Pa.1980).

void the lien attaching to the $18,000.00 fund.

CONCLUSION

In conclusion, the Court will enter an Order as set forth in the second paragraph of this Opinion.